```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CARL T. BANNON,

                    Plaintiff,

    -against-

SOCIAL SECURITY ADMINISTRATION,

                    Respondent.
----------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 04 2018 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

17-CV-6859 (KAM)

**MATSUMOTO**, United States District Judge:

On November 20, 2017, plaintiff Carl T. Bannon, proceeding *pro se,* filed the instant complaint seeking the reinstatement of his Social Security benefits after his January 10, 2017 release from incarceration. On February 2, 2018, plaintiff submitted a letter supplementing his complaint, (Letter, ECF No. 4), and on February 14, 2018, plaintiff submitted an amended complaint. (Amended Complaint, ECF No. 6.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons below, the action is dismissed without prejudice. Plaintiff may re-file his complaint, if necessary, when he has exhausted his administrative remedies.



*Background*

The following facts are taken from plaintiff's complaint and amended complaint.[1] Plaintiff was released from incarceration on January 10, 2017 and was briefly detained thereafter at a halfway house. (Compl., ECF No. 1 at 2.) On August 17, 2017, plaintiff received "defendant's computation and commitment . . . in the 'full monthly' benefit sum of $984.00." (Compl. at 1.) He seeks the payment of $10,824.00 ($984.00 per month from February 2017 to December 2017) and an order voiding defendant's claim of overpayment of benefits.

Plaintiff's amended complaint includes the "SSA-1099" form he recently received, which identifies the total amount of benefits paid to Plaintiff in 2017. (Am. Compl. at 5.) Plaintiff objects to the calculation of benefits reflected in the 1099, stating that the form "specifies an unlawful deduction from the Social Security benefits to which [plaintiff is] entitled." (Am. Compl. at ¶ 3.) Although Plaintiff attaches an undated letter addressed to the Social Security's Northeastern Program Center in Jamaica, New York, concerning the wiring of funds to the wrong bank account, the withholding of funds and his confusion over changes in calculation of his benefits,

---

[1] Although an amended complaint completely replaces a complaint, *Arce v. Walker,* 139 F.3d 329, 332 n. 4 (2d Cir. 1998), given plaintiff's *pro se* status, the Court considers both the complaint and amended complaint.

2

(Attachment to Am. Compl., ECF No. 6 at 9), plaintiff appears to acknowledge that he has not complied with the rigid exhaustion requirements of the Social Security Administration ("SSA"). (*See* Am. Compl. at ¶ 5.) Plaintiff seeks a waiver of the requirement to exhaust administrative remedies on the basis of his repeated conversations with Social Security Administration ("SSA") representatives at the Far Rockaway office, his advanced age (plaintiff is approximately 85 years old), veteran status, and homelessness. (Am. Compl. at ¶ 7.)

### *Standard of Review*

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

### *Discussion*

A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act, 42 U.S.C. § 301 *et seq.* ("the Act"), ordinarily deprives a district court of jurisdiction to review those claims. Under 42 U.S.C. § 405(g), federal courts are vested with subject matter jurisdiction only over "final decisions" of social security claims. A final decision, pursuant to 42 U.S.C. § 405(g), occurs when a social security claimant exhausts a four-step administrative review process. *See* 20 C.F.R. §

404.900(a). These four steps must be requested by a claimant within certain time periods and in the following order: (1) initial determination; (2) reconsideration determination; (3) hearing before an administrative law judge; (4) and Appeals Council review. *See id.* Although the administrative steps prescribed by the Commissioner of Social Security must be exhausted in order to obtain a final decision, this requirement is waivable by the Commissioner or the court in certain circumstances. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) ("The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary."). Waiver may occur when the following circumstances are present: "(1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would be futile; and (3) plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Dickman v. Social Security Administration*, No. 17-cv-7062-MKB 2017 WL 6734183, at *2 (December 29, 2017) (quoting *Steadman v. Colvin*, No. 14-cv-7495, 2015 WL 4393022, at *5 (S.D.N.Y. July 14, 2015) and *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)); *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 6 (2d Cir. 2011) (affirming district

court's dismissal of social security action for failure to exhaust administrative remedies).

Although the court is sympathetic to plaintiff's challenges, the court declines to waive the exhaustion of the administrative remedies available to plaintiff. Plaintiff's complaint concerns a demand for benefits and there is no indication that the remedies available to plaintiff, but not yet pursued, would be futile. *See Escalera*, 457 F. App'x at 6 ("Escalera's claim is not collateral to his demand for benefits, as it involves a demand for benefits and investigation into his wage earnings."). Plaintiff's frustration with what he characterizes as the "irrational implacable attitude of the [SSA]" is not sufficient to show that administrative review of his concerns would be futile, because the administrative process provides an opportunity for agency review of an initial determination. 20 C.F.R. § 404.900(a). Indeed, exhaustion is required in order to "prevent[] premature interference with agency processes" and to give the agency "an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." (*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

Until plaintiff exhausts his administrative remedies, his action is premature and this court is without jurisdiction

6

to hear his claim for benefits. *See Escalera*, 457 Fed. App'x at 7; *Iwachi v. Massanari*, 125 Fed. App'x. 330, 332 (2d Cir. 2005) ("The Commissioner's decision does not become 'final' until 'after the Appeals Council has denied review or decide the case after review.'" (quoting *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995)); *Brown v. Colvin*, No. 16-CV-675 (JG), 2016 WL 614675, at *2 (E.D.N.Y. Feb. 12, 2016); *Baptiste v. Comm'r of Soc. Sec.*, No. 09 CIV. 10178 (DLC), 2010 WL 2985197, at *1 (S.D.N.Y. July 27, 2010).

### *Conclusion*

For the foregoing reasons, the Court dismisses the instant *pro se* complaint without prejudice because it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). If plaintiff completes the SSA administrative review process, he may, if necessary, refile his complaint.[2] The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve *pro se* plaintiff with a copy of

---

[2] Instructions on how to comply with the SSA exhaustion requirements are clearly stated on the SSA's website, *see* https://www.ssa.gov/ssi/text-appeals-ussi.htm, and are available at the SSA service centers.

this memorandum and order and the docket, to note service on the docket, and to close this case.

**SO ORDERED.**

                                            /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge

Dated:     Brooklyn, New York
             April 2, 2018